# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANCY N. THOMPSON, JR., | Civil No. 05cv1311 J (AJB) |
| Petitioner, | **ORDER:** |
| v. | **1) ADOPTING MAGISTRATE JUDGE BATTAGLIA'S REPORT AND RECOMMENDATION; AND** |
| K. MENDOZA-POWERS, Warden, | |
| Respondent. | **2) DISMISSING AS TIME-BARRED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254** |

Before the Court is Magistrate Judge Anthony J. Battaglia's Report and Recommendation ("R&R") recommending that the Court dismiss as time-barred pro se Petitioner Mancy N. Thompson, Jr.'s Petition for Writ of Habeas Corpus. [Doc. No. 11.] On June 27, 2005, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] On October 28, 2005, Respondent K. Mendoza-Powers, Warden of the Avenal State Prison, where Petitioner is subject to confinement, filed a Motion to Dismiss the Petition [Doc. No. 7]; on November 15, 2005, Petitioner filed an Objection to the Motion to Dismiss [Doc. No. 10].[1] The Magistrate

---

[1] In her Motion to Dismiss, Respondent preemptively proposes that "a certificate of appealability be denied," (Mot. Dismiss at 8); in his Objections to the R&R, Petitioner argues contrary to this proposition (*see* Objs. to R&R at 7). Both requests are premature and, accordingly, are **DISMISSED without prejudice**. The matter shall be addressed upon Petitioner's timely filing of a request for certificate of

Judge issued the R&R on April 25, 2006. [Doc. No. 11.]  On May 12, 2006, Petitioner timely filed Objections to the R&R. [Doc. No. 12.]  For the reasons discussed below, the Court **ADOPTS in its entirety** the R&R and **DISMISSES as time-barred** the Petition.

*Background*

On November 22, 1988, based upon Petitioner's October 7, 1988, jury conviction for first-degree murder with personal use of a firearm, the San Diego Superior Court sentenced Petitioner to twenty-seven years to life. (*See* R&R at 2.)  Petitioner appealed to the California Court of Appeal, which affirmed his conviction on July 5, 1990. (*See id.*)  It was not until December 29, 2003, that Petitioner first filed a request for habeas relief, first before the San Diego Superior Court, subsequently before the California Court of Appeal on April 13, 2004, and lastly before the California Supreme Court on May 28, 2004. (*See id*.)  In each request, Petitioner argued: 1) that the trial court had exceeded its jurisdiction by operating outside the scope of California Penal Code sections 189 and 190; and 2) that the offense he had committed did not constitute first-degree murder pursuant to California Penal Code section 189.[2] (*See id.*)

Each court successively denied Petitioner's requests for relief, with the Superior Court finding that there were more than sufficient facts to support Petitioner's conviction, and that Petitioner's filing of his first habeas petition approximately thirteen years after affirmation of the conviction on appeal was not timely. (*See id.*)  The Court of Appeal, in turn, found: 1) that habeas corpus could not serve as a substitute for appeal; 2) that Petitioner failed to establish good cause for his fourteen-year delay in raising his claims; and 3) that Petitioner failed to establish grounds for relief. (*See id.*)  On April 13, 2005, the California Supreme Court denied the state habeas petition without comment. (*See id*.)

---

appealability.

[2] California Penal Code section 189 treats the subject of murder and degrees thereof; California Penal Code section 190 discusses the punishments that attach to murder as committed under various circumstances. *See* Cal. Penal Code § 189 (2002); Cal. Penal Code §190 (2000).

On June 27, 2005, Petitioner filed the instant Petition for Writ of Habeas Corpus with this Court, claiming that his rights under the Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution had been violated.[3] [Doc. No. 1.] On April 25, 2006, the Magistrate Judge issued an R&R finding that Petitioner had failed to meet the "specific rules [under 28 U.S.C. § 2254] governing the statute of limitations for federal habeas appeals," and recommending, therefore, that the Petition be denied as time-barred. (R&R at 8.)

## *Legal Standard*

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (2005).  The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2005); *see United States v. Raddatz*, 447 U.S. 667, 676 (1980).

Before a federal court may grant a petitioner habeas relief, the petitioner is required to exhaust all available state court remedies with respect to all claims contained in the petition. *See* 28 U.S.C. § 2254(b) (1996); *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003).  Furthermore, exhaustion requires that the petitioner give the highest state court a "fair opportunity" to address each claim before presenting the claims in a federal habeas petition. *Kelly*, 315 F.3d at 1066-69; *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (finding that to properly exhaust a habeas claim, "a petitioner must present his claim to the state supreme court").  Moreover, the petitioner "must describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based 'so that the [court has] a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.' " *Kelly*, 315 F.3d at 1066 (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

---

[3] The Court **CONSTRUES** pro se motions and pleadings liberally. *See, e.g., Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

Once the state's highest court considers the habeas petition, that court's denial of the petition without opinion or citation is sufficient to satisfy the exhaustion requirement. *See Harris v. Superior Court*, 500 F. 2d 1124, 1128-29 (9th Cir. 1974); *see also Hunter v. Aispuro*, 982 F.2d 344, 348 (9th Cir. 1992) (finding that the "California Supreme Court's summary order denying [the] petition was a denial on the merits"). Upon satisfaction of the exhaustion requirement, a federal court may consider the merits of a petitioner's habeas claims. *See* 28 U.S.C. § 2254(b) (1996). However, where a federal habeas petition contains both exhausted and unexhausted claims, the court must dismiss the petition without prejudice. *See id.*; *see Rose v. Lundy*, 455 U.S. 509, 510 (1982).

*Discussion*

In the R&R, the Magistrate Judge determines that there is substantial evidence to support dismissal of the instant Petition. [Doc. No. 11.] Petitioner objects to the R&R on the following grounds: 1) that the instant Petition is timely (*see* Objs. to R&R at 2); 2) that he has been impermissibly denied the right to file an effective appeal (*see id.* at 2-3, 5-6); and 3) that if his Petition is not timely, he is nonetheless entitled to equitable tolling under the "miscarriage of justice" standard (*id.* at 3-4). For the reasons set forth below, the Court **ADOPTS** the R&R **in its entirety**.

**I.    The Petition is Not Timely**

In the R&R, the Magistrate Judge determines that Petitioner has failed to file the instant Petition within the applicable period of limitations as set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner objects to this determination, contending that pursuant to the decisions of the California Supreme Court in *In re Harris*, 855 P.2d 391 (Cal. 1993) and *In re Ward*, 414 P.2d 400 (Cal. 1966), he is entitled to challenge "an illegally imposed sentence ... at any time." (Objs. to R&R at 2.) However, this Court **FINDS** that the Magistrate Judge is correct to conclude that for failure to conform with the filing requirements as set forth under the AEDPA, the instant Petition must be dismissed.

Petitioner filed the instant Petition in this Court on June 27, 2005. [Doc. No. 1.] It is therefore subject to review under the AEDPA standards, which govern habeas petitions filed after April 24, 1996. A petitioner has a period of one year to file a motion under 28 U.S.C. § 2254. It is from the latest of four possible dates that the one-year period shall run:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (1996).

Petitioner is procedurally barred from bringing the instant Petition. Since Petitioner's state-court judgment became final in 1990, approximately six years prior to the date the AEDPA took effect, Petitioner had a one-year grace period in which to file a habeas petition in federal court. *See Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001). Yet, Petitioner did not file this, his first federal Petition until approximately eight years after his grace period had terminated. Petitioner has not shown cause for such a delay.

Instead, Petitioner mistakenly contends that pursuant to the decisions of the California Supreme Court in *Harris* and *Ward*, he in entitled to bring a federal habeas petition at the time of his choosing. *Harris* and *Ward*, respectively, stand for the following propositions: 1) that a habeas corpus claim that a court acted in excess of its jurisdiction may be entertained by the state court under a narrow exception to the rule that habeas corpus will not serve as a second appeal, *Harris*, 855 P.2d 391; and 2) whether a defendant was subjected to excessive punishment is a proper matter for the state court to

consider on habeas review, despite even a decades-long delay in the defendant's decision to bring the claim, *Ward*, 414 P.2d 400.

Notwithstanding the import of these cases in their proper context, their holdings do not apply here, nor do they serve to suspend the federal statutory provisions pursuant to 28 U.S.C. § 2254 that guide the decisions of this federal district Court.  Given the fact that Petitioner has not complied with the applicable rules governing the statute of limitations for federal habeas appeals, his argument that his Petition is indeed timely fails[4]; accordingly, the Court **FINDS** that Petitioner is procedurally barred from bringing his habeas claims in this Court.[5]

## II. Petitioner Fails to Present a Cognizable Claim with Regard to the Right to File an Effective Appeal

In addition, Petitioner objects to the R&R for neglecting to reconcile the fact that the trial court imposed a sentence on him that he "was never charged with, nor did the jury ever find [him] guilty of" and that, subsequently, the California Court of Appeal, both on direct and collateral appeal, "fail[ed] to specify what theory the jury used to justify the verdict of 1st degree." (Objs. to R&R at 2-3, 5-6.)  He argues that this "failure to specify ... has denied [him] his right to file an effective appeal, and created an

---

[4] Petitioner also directs the Court's attention to 28 U.S.C. § 2244(d)(1)(D) in further support of his claim that his Petition is, in fact, timely filed.  Under § 2244(d)(1)(D), the statute of limitations shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D); Petitioner argues that the factual predicate for all of his claims was not discoverable until April 27, 2004, the date on which the California Court of Appeal denied Petitioner's state habeas petition.  However, as the Magistrate Judge aptly observes in the R&R, "Petitioner's claims arise from facts that occurred at the time of trial, thereby undermining any basis Petitioner may have for asserting a delayed discovery date." (R&R at 8 (citing *United States v. Battle*, 362 F.3d 1195, 1198 (9th Cir. 2004)).

[5] It is worthy of note that the instant Petition is "mixed" for containing both exhausted and unexhausted claims. (*See* R&R at 7.)  The Court would present Petitioner with the option to exhaust the unexhausted claims, staying the federal Petition and holding the exhausted claims in abeyance, or, in the alternative, to pursue only the exhausted claims, dispensing altogether with the unexhausted claims, *see, e.g., Rose v. Lundy*, 455 U.S. 509, 510 (1982), but for the fact that the instant Petition is time-barred.

impediment to filing, which has never been removed." (*Id*.)  This Court **FINDS** that Petitioner's claim is not cognizable on federal habeas review.

As noted in the R&R with regard to the very question of whether Petitioner was properly sentenced at trial, Petitioner here asks the Court to review the California state courts' application of California law.  However, in this sparsely constituted objection, Petitioner fails to make the requisite showing of fundamental unfairness or errors of federal constitutional magnitude. *See Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that federal courts are not concerned with errors of state law unless they rise to level of constitutional violation); *see also Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (citing *Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir.1993)) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").  Moreover, Petitioner raised these claims on habeas review to the state appellate courts, which ruled on the matter. [Lodgments 3, 4.] This Court thus defers to the state courts' application of state law; it does not "sit as a 'super' state supreme court." *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (indicating that federal habeas court must "respect ... a state court's findings of fact and application of its own law"); *see also Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (citing *Guzman v. Morris*, 644 F.2d 1295, 1297-98 (9th Cir.1981)) (stating that federal habeas court "ha[s] no authority to review a state's application of its own laws").  The Court **FINDS** that since Petitioner does not here proffer a claim cognizable on federal habeas review, the Court lacks jurisdiction to entertain it.

### III.     Petitioner is Not Entitled to Equitable Tolling

Lastly, Petitioner objects to the R&R on grounds that, notwithstanding the issue of whether he timely brings the instant Petition in this Court, he is entitled to equitable tolling pursuant to the "miscarriage of justice" standard. (Objs. to R&R at 3-4.)  Petitioner claims that since he was never charged with first-degree murder "within the meaning of California Penal Code Section 189 ... the sentence imposed by the [trial] court is illegal

and a miscarriage of justice." (*Id.*)  Petitioner fails to meet this standard and therefore does not qualify for equitable tolling.

In order to prevail on a claim of miscarriage of justice, a petitioner must show that " 'a constitutional violation has probably resulted in the conviction of one who is actually innocent,' " *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)), with evidence so exonerating "that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error," *Schlup*, 513 U.S. at 316.  A credible claim of innocence will be supported with new and reliable evidence that was not presented at trial due to unavailability or exclusion. *See Sistrunk v. Armenakis*, 292 F.3d 669, 673 (9th Cir. 2002).

As the Magistrate Judge correctly determines in the R&R, Petitioner does not meet the burden necessary to establish that a miscarriage of justice occurred. (*See* R&R at 10.) Petitioner does not bring to light any new and reliable evidence that was not presented at his trial due to unavailability or exclusion, and there are simply no facts in the record to sustain a claim that a fundamental miscarriage of justice occurred.  Accordingly, the Court **FINDS** that Petitioner is not entitled to equitable tolling under this standard.

*Conclusion*

For the foregoing reasons, the Court **ADOPTS** the R&R in **its entirety**, and **DISMISSES** the instant Petition **as time-barred**.

**IT IS SO ORDERED.**

DATED: September 20, 2006

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Battaglia
     All Counsel of Record